UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECHO WESTLEY DIXON,

                    Plaintiff,

         -against-

JUDGE MARRERO; JUDGE SULLIVAN,

                  Defendants.

20-CV-7105 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Mohawk Correctional Facility, brings this action *pro se*

and has not prepaid the filing fees. Plaintiff is barred, however, from filing any new action *in*

*forma pauperis* while a prisoner. *See Dixon v. Grant*, No. 08-CV-7364 (LAP) (S.D.N.Y. Feb. 17,

2010) (listing orders of dismissal qualifying as strikes).[1] That order relied on 28 U.S.C.

§ 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff can proceed IFP only if his complaint shows that he is in imminent danger of

serious physical injury.[1] Plaintiff's complaint, however, does not show that he is in imminent

danger of serious physical injury. Instead, he reasserts claims that he has made previously about

his right to "remain secure in his Tripartite Christian name." (ECF 1 at 2.) In other words,

---

[1] Plaintiff is also subject to a leave-to-file injunction in the Court of Appeals, *see Dixon v. Burke*, No. 13-415 (2d Cir 2013) (imposing sanction).

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Plaintiff complains that certain public documents have omitted his middle name. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff cannot proceed IFP in this action, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while a prisoner, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 15, 2020
          New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).